**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTOINE SMITH,

    Petitioner,

v.                                       Case No. 3:15-cv-1333-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

    Respondents.

_____

## ORDER

### I. Status

Petitioner Antoine Smith, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on November 4, 2015.[1] In conformance with the Court's Order (Doc. 5), Smith filed a pro se Amended Petition on November 19, 2015.[2] See Doc. 7. Smith challenges two 2007 state court (Duval County, Florida) convictions for second degree murder and attempted second degree murder for which he is currently serving a thirty-four-year term of incarceration and a concurrent thirty-year term of incarceration, respectively. Doc. 7 at 1.

---

[1] Giving Smith the benefit of the mailbox rule, the Court finds that his pleadings were filed on the respective dates Smith handed them to prison authorities for mailing to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] The Court directed Smith to file an Amended Petition on the approved form used in § 2254 cases. See Doc. 5.

Smith raises the following two grounds for relief: (1) his pleas of guilty were involuntary because the circuit court failed to inform him during the plea colloquy that reclassification of his convictions under section 775.087(1), Florida Statutes, was mandatory; and (2) counsel misadvised him about the availability of self-defense as a viable affirmative defense. See Doc. 7. Respondents assert the Petition is untimely filed and request dismissal of this case with prejudice. See Motion to Dismiss (Doc. 29) (Resp.).[3] Smith filed a Reply. See Petitioner's Reply (Doc. 32). This case is ripe for review.[4]

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct

---

[3] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

[4] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

2

>review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. Analysis

On March 1, 2007, Smith entered a negotiated plea of guilty to second degree murder with a weapon (count one) and attempted second degree murder with a weapon (count two). See Resp. Ex. CC at 8. On March 15, 2007, the circuit court sentenced Smith in conformance with his negotiated pleas to incarceration for a term

3

of thirty-four years as to count one and a concurrent thirty-year term of incarceration as to count two. Resp. Ex. B. Smith did not seek a direct appeal of his judgment and sentences; thus, his judgment and sentences became final upon the expiration of the time to file a notice of appeal, Monday, April 16, 2007.[5] The AEDPA one-year limitations period began to run the next day, April 17, 2007.

On January 24, 2008, day 282 of Smith's one-year statute of limitations, Smith filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. C at 1-16. The circuit court summarily denied Smith's Rule 3.850 motion on September 12, 2008. Id. at 69-104. The First District Court of Appeal (First DCA) per curiam affirmed the circuit court's denial without a written opinion on April 30, 2009. Id. at 110. Smith filed a motion for rehearing on May 18, 2009. Resp. Ex. E. The First DCA issued its mandate on May 27, 2009, see Resp. Ex. C at 109, and denied Smith's motion for rehearing on July 6, 2009, see Resp. Ex. F. It is unclear why the First DCA issued its mandate before denying Smith's motion for rehearing or why the First DCA disregarded the prison date stamp affixed to the motion for rehearing. Nevertheless, the Court finds the July 6, 2009, denial as the operative un-tolling event for purposes of this analysis. Smith's AEDPA one-year statute of

---

[5] The thirtieth day fell on Saturday, April 14, 2007; thus, Smith had until Monday, April 16, 2007, to file a notice of appeal. See Fla. R. Jud. Admin. 2.514(a)(1)(C).

limitations then expired on September 28, 2009,⁶ without Smith filing any other state postconviction motions that would toll the one-year period.

After the expiration of this federal limitation period, Smith filed approximately seven motions seeking postconviction relief.⁷ See Resp. Exs. G at 5-45; P at 1-36; C at 151-316; CC at 1-5; YY at 1-17; JJJ. Because there was no time left to toll, however, Smith's motions for postconviction relief did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). In any event, Smith did not file this federal Petition until over a year after all state postconviction matters had been resolved. See Resp. Ex. SSS. Therefore, the Court finds that the Petition is untimely filed.

Because the Petition is untimely, to proceed, Smith must show he is entitled to equitable tolling. "When a prisoner files for habeas corpus relief outside the one-year

---

⁶ The 365th day of Smith's one-year period fell on Sunday, September 27, 2009. As such, Smith's AEDPA statute of limitations expired Monday, September 28, 2009.

⁷ Respondents provide a detailed summary of Smith's postconviction history. See Resp. at 1-5.

5

limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (recognizing equitable tolling is an extraordinary remedy "limited to rare and exceptional circumstances and typically applied sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)(per curiam) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Smith appears to rely on his two underlying grounds for relief to argue that he is entitled to equitable tolling. See Reply at 3. Specifically, Smith maintains that the circuit court's failure to advise him of the mandatory nature of section 775.087's reclassification provision and counsel's misadvice regarding self-defense were "extraordinary circumstances that stood in his way and prevented him from timely filing" this action. Id. The Court finds Smith's arguments unpersuasive. Smith raised his claim of ineffective assistance of counsel regarding a viable self-defense theory in his first Rule 3.850 motion filed on January 24, 2008. See Resp. Ex. C at 14-16. As mentioned above, the circuit court summarily denied this issue on September 12, 2008,

6

and the First DCA affirmed the circuit court denial, issuing its order denying Smith's motion for rehearing on July 6, 2009.[8] Resp. Ex. F. Smith's AEDPA one-year period then expired on September 28, 2009. However, instead of diligently seeking federal habeas relief, Smith filed a second Rule 3.850 motion again raising a claim that counsel was ineffective for misadvising Smith about the applicability of self-defense. Resp. Ex. P at 1-10. The circuit court ultimately denied the second Rule 3.850 motion, finding it was untimely and successive. Id. at 37-38. The First DCA issued a mandate affirming the circuit court's denial on December 16, 2010. See Resp. Ex. V. Smith initiated this action 1784 days later. See Doc. 1. This extensive delay is not indicative of diligence.

Further, Smith raised his current claim of trial court error for the first time in his fourth Rule 3.850 motion filed on November 23, 2010, 421 days after the expiration of his one-year AEDPA statute of limitations.[9] Resp. Ex. C at 318-20. Smith then raised the claim again in his October 13, 2011, motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).[10] Resp. Ex. CC at 1. The

---

[8] Again, the Court adheres to the First DCA's later denial of Smith's motion for rehearing as the operative date.

[9] It is unclear if this November 23, 2010, Rule 3.850 motion is still pending. However, this fact has no impact on the Court's analysis here as the state court ultimately addressed this issue in disposing of Smith's October 13, 2011, Rule 3.800(a) motion. See Resp. Ex. CC at 1, 6-7; HH; PP at 25-29; UU.

[10] The state court construed Smith's October 13, 2011, Rule 3.800(a) motion as raising the following two grounds: (1) the written sentence did not comport with the trial court's oral pronouncement of his sentence because the trial court failed to state on the record that his convictions would be reclassified pursuant to section 775.087(1); and (2) his sentence for count two exceeded the permissible sentence under his criminal punishment code scoresheet. Resp. Ex. DD.

circuit court denied this issue on November 1, 2011, see id. at 6-7, and on August 27, 2012, the First DCA issued its mandate affirming the circuit court's denial in part and reversing and remanding in part.[11] See Resp. Ex. HH. On remand, the circuit court entered an amended order again denying Smith's Rule 3.800(a) motion, and the First DCA affirmed the denial through a mandate issued on April 13, 2013. Resp. Exs. PP at 25-29; UU. Smith did not file his federal Petition until 935 days later. See Doc. 1. The Court cannot find that Smith's postconviction history demonstrates the diligence necessary for equitable tolling.

Additionally, to the extent Smith relies on the "cause and prejudice" standard outlined in Coleman v. Thompson, 501 U.S. 722 (1991), to argue that he is entitled to equitable tolling, his reliance is misplaced. See Reply at 16-18. The "cause and prejudice" standard Smith references applies to the issue of cause to excuse a procedural default premised upon a state court's independent and adequate state procedural rule. See Coleman, 501 U.S. at 750. This "cause and prejudice" standard does not pertain to the timeliness of a federal habeas petition. As such, to the extent Smith relies upon procedural default case law to excuse the untimely filing of this action, such authority is inapplicable to this issue. See White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) (finding petitioner's reliance on procedural default principles,

---

[11] The First DCA reversed and remanded the circuit court's denial of Smith's claim that his sentence for count two exceeded the maximum provided on his criminal scoresheet and remanded for the circuit court to attach record documents refuting the claim. Resp. Ex. DD. The circuit court entered an amended order again denying Smith's scoresheet-error claim. Resp. Ex. PP at 25-29.

attacking the adequacy of a state's independent procedural bar, was irrelevant to timeliness analysis); see also Lambrix v. Sec'y, Fla. Dept. of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (holding "cause and prejudice" standard of Martinez[12] only applies to procedural default analysis and has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition). Therefore, after a thorough review of the record, the Court finds neither extraordinary circumstances nor due diligence to justify the rare remedy of equitable tolling.

Alternatively, Smith attempts to overcome the time bar by alleging a miscarriage of justice/actual innocence exception. Reply at 8-9 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). Specifically, Smith asserts that he is innocent of the offenses because he committed them in self-defense. Reply at 8-9. The Court notes that the Eleventh Circuit Court of Appeals has not yet decided whether Schlup permits a claim of actual innocence based on "new reliable" evidence of an affirmative defense that would deem conduct that underlies the conviction as noncriminal. See Rozelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1015 (11th Cir. 2012). Nevertheless, the record reveals that Smith's current claim to self-defense is not "new reliable" evidence that was unknown him at the time he entered his pleas of guilty. Specifically, a review of the trial court record shows that Smith's attorney filed a pretrial notice of "Reverse Williams[13] Rule" evidence "to corroborate [Smith's] claim of self-defense . . . ." See

---

[12] Martinez v. Ryan, 132 S. Ct. 1309 (2012).

[13] Williams v. State, 110 So. 2d 654 (Fla. 1959); see also Rivera v. State, 561 So. 2d 536, 539 (Fla. 1990).

9

State v. Smith, 16-2006-CF-4949 (Fla. 4th Cir. Ct). As such, Smith was aware of this potential affirmative defense at the time he pled guilty.

## IV. Conclusion

For the forgoing reasons, the Petition is untimely filed and Smith has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Respondents' Motion to Dismiss (Doc. 29) is **GRANTED** and this action is **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Smith appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[14]

---

[14] The Court should issue a certificate of appealability only if Smith makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Smith "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of July, 2018.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Antoine Smith, #310236
Jennifer J. Moore, Esq.